UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
MERWAN JABER,                          :
                                       :    CASE NO. 1:15-CV-728
          Plaintiff                    :
                                       :
vs.                                    :    OPINION & ORDER
                                       :    [Resolving Docs. 38, 39, 40]
CITY OF AKRON,                         :
                                       :
          Defendant,                   :
                                       :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant City of Akron files a motion to strike and objections pursuant to Fed.R. Civ. P. 56(C)(2).[1/] Plaintiff Merwan Jaber files an opposition.[2/]

For the reasons stated below, the Court **DENIES** the motion to strike and notes the objections.

I

Defendant argues that Plaintiff's brief in opposition to Akron's motion for summary judgment relies on four pieces of inadmissible evidence:

    1. The affidavit of Lloyd Hilton

    2. The opinion testimony of Ron Easley and Joe Nicolas

    3. Citations to online websites and news media; and

    4. The statement of Robert Meeker, Garry Moneypenny's attorney, during a deposition.

As an initial matter, the Court notes that "the Federal Rules do not authorize courts to strike

---

[1/]Doc.38.
[2/]Doc.39.

Case No. 1:15-CV-728
Gwin, J.

portions of a summary judgment motion from the record."[3/]  The Court's authority extends to striking matters only from pleadings.[4/]

Rather, the question at hand is whether the Court may *consider* the evidence that Plaintiff challenges.  Not all evidence need be admissible at this stage.  A party merely needs to show that she "can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists."[5/]  Inadmissible hearsay may not be considered on summary judgment.[6/]  However, no rule gives clear authority "to strike" arguments or evidence as inadmissible.

The parties have used the motion to strike as an early opportunity to seek an advisory ruling on whether certain evidence is admissible.  The Plaintiff makes the argument that parts of Defendants' evidence is inadmissible or only weakly relevant.  But those concerns are best dealt with in summary judgment itself.  Alerted to Plaintiff's arguments and Defendants' opposing arguments, the Court will endeavor to only consider admissible evidence in ruling on Defendants' motion for summary judgment.

Accordingly, the motion is also **DENIED**.

IT IS SO ORDERED

Dated: December 11, 2015                    s/         *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[3/] *Reeves v. Case W. Reserve Univ.*, 2009 WL 3242049 (N.D. Ohio, Sept. 30, 2009).
[4/] Fed. R. Civ. P. 12(f).
[5/] *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also* Fed. R. Civ. Pro. 56(c)(1)(B) ("[A] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . showing . . . that an adverse party cannot produce admissible evidence to support that fact.").
[6/] *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999) ("Hearsay evidence may not be considered on summary judgement.").